UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| **April D. Taylor**, <br><br> Plaintiff, <br><br> v. <br><br> **LifeStream Services, Inc.**, <br><br> Defendant. | Cause No. 1:20-cv-384 |

## COMPLAINT FOR DAMAGES AND REQUEST FOR JURY TRIAL

Ms. Taylor is suing LifeStream for the revocation of her work-from-home arrangement, and the termination of her employment, in violation of the Americans With Disabilities Act, 42 U.S.C. § 12101, *et seq.*; Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*; and the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq*. This lawsuit is filed in the Northern District of Indiana because the parties reside in the District, the underlying events occurred in the District, and the Court has subject-matter jurisdiction over these violations of federal law under 28 U.S.C. § 1331. Ms. Taylor seeks all available legal and equitable relief, and she respectfully requests a trial by jury.

Respectfully submitted,

*/s/ Benjamin C. Ellis*
Benjamin C. Ellis (Atty. No. 28544-49)
HKM Employment Attorneys LLP
320 N. Meridian St., Ste. 615
Indianapolis, IN 46204
P/F       |   (317) 824-9747
Email    |   bellis@hkm.com

1. INTRODUCTION

Ms. Taylor is a working mother whose employment was terminated in January 2020 by LifeStream, after she complained about the revocation of her work-from-home arrangement. As LifeStream knew, she relied on that arrangement as a reasonable accommodation for her postpartum depression following her return from maternity leave. LifeStream also failed to provide Ms. Taylor with the required notice of her eligibility to take intermittent FMLA leave to address her postpartum depression.

LifeStream claimed that it terminated Ms. Taylor's employment for misconduct. But that stated basis is demonstrably pretextual for three reasons: (1) her supervisor had already represented that she would not be disciplined for her alleged misconduct; (2) LifeStream failed to follow its progressive disciplinary policy in terminating her employment; and (3) her employment was terminated immediately after she complained about the revocation of her work-from-home arrangement.

Ms. Taylor now seeks all available relief for LifeStream's violations of the ADA, Title VII, and the FMLA.

## 2. JURISDICTION & VENUE

1. This Court has original jurisdiction, under 28 U.S.C. § 1331, of Ms. Taylor's claims for violations of the ADA, Title VII, and the FMLA, because they arise under the laws of the United States.

2. This Court is a proper venue for this lawsuit, under 28 U.S.C. § 1391(b)(1) and (2), because the parties reside in the Northern District of Indiana, and the events underlying this lawsuit occurred within the District.

## 3. PARTIES

### 3.1. Plaintiff

3. Plaintiff April L. Taylor resides in Madison County, Indiana.

### 3.2. Defendant

4. Defendant LifeStream Services, Inc. is an Indiana corporation (Business ID No. 197503-117) with its principal place of business being in Delaware County, Indiana.

## 4. STATEMENT OF FACTS

5. LifeStream's mission is to provide services and programs to help seniors and people with disabilities remain independent.

6. In accordance with that mission, LifeStream hired Ms. Taylor as a Home Care Manager beginning in June 2016.

7. As a Home Care Manager, Ms. Taylor helped connect LifeStream's elderly clients with services (such as Medicaid) and conducted periodic home visits.

8. Prior to January 2020, Ms. Taylor had never been disciplined by LifeStream.

9. In addition, she had always been rated as meets or exceeds expectations on her performance evaluations.

10. In Ms. Taylor's most recent performance evaluation, Amber Jones (her direct supervisor) noted that Ms. Taylor has excellent interpersonal skills.

11. In 2019, Ms. Taylor gave birth to a child and took maternity leave.

12. Following her return from maternity leave in October 2019, Ms. Taylor requested to work from home as an accommodation for her postpartum depression.

13. Ms. Taylor's postpartum depression substantially limited major life activities, including working.

14. LifeStream agreed to this request for accommodation.

15. Accordingly, beginning in early November 2019, Ms. Taylor began working from home.

16. LifeStream did not, however, notify Ms. Taylor in writing of her rights and obligations under the FMLA relating to her postpartum depression, including her right to take intermittent leave.

17. On January 15, 2020, Ms. Taylor had an email exchange with Jones (her supervisor) relating to the status of a client's relationship with Phoenix Family and Community Services.

18. PHOENIX provides services relating to mental health and substance abuse issues.

19. Two days later, on January 17, Ms. Taylor and Jones met to discuss Jones's perception that Ms. Taylor was insubordinate in their January 15 email exchange.

20. During the January 17 meeting, Jones told Ms. Taylor that she was not being disciplined.

21. Jones also told Ms. Taylor that she would no longer be permitted to work from home beginning January 20.

22. LIFESTREAM did not engage with Ms. Taylor in an interactive process relating to her need for an accommodation for her postpartum depression before revoking her work-from-home arrangement.

23. That same day, Ms. Taylor contacted Megan Velasquez (Jones's supervisor) to complain about the revocation of her work-from-home arrangement.

24. Ms. Taylor asked to discuss this issue with Velasquez because she relied on that arrangement as an accommodation for her postpartum depression.

25. She also did not have childcare arrangements for an immediate return to work.

26. In response, Velasquez scheduled a meeting with Ms. Taylor for January 21.

27. At the January 21 meeting, LIFESTREAM terminated Ms.

Taylor's employment.

28. Ms. Taylor was not given an opportunity to address her concerns over the revocation of her work-from-home arrangement before she was terminated.

29. She was also not given an opportunity to respond to the stated basis for her termination before she was terminated.

30. L<small>IFE</small>S<small>TREAM</small> has a written disciplinary policy in its *Personnel Policies and Employee Handbook*. (Ex. 1.)

31. L<small>IFE</small>S<small>TREAM</small>'s disciplinary policy required that, prior to administering discipline, Jones discuss the issue with Ms. Taylor in person and give her the opportunity to provide her written statement of the facts and any corroborating evidence.

32. L<small>IFE</small>S<small>TREAM</small>'s disciplinary policy also required that this process be completed before deciding and administering a disciplinary action.

33. L<small>IFE</small>S<small>TREAM</small> failed to comply with its disciplinary policy before terminating Ms. Taylor's employment.

34. Ms. Taylor filed a *Charge of Discrimination* (No. 470-2020-01589) with the EEOC on April 21, 2020, complaining that her termination was unlawful retaliation.

35. The EEOC mailed its *Dismissal and Notice of Rights* on August 7, 2020.

36. Out of an abundance of caution, because the EEOC employee who prepared Ms. Taylor's *Charge* did not check the boxes for discrimination based on sex or disability, she filed a second *Charge of Discrimination* by mail on October 21, 2020 and expressly included those claims.

## 5. STATEMENT OF CLAIMS

### 5.1. Retaliation in violation of the ADA

37. Ms. Taylor's January 17, 2020 complaint to (and request for a meeting with) Velasquez was protected activity under the ADA.

38. Ms. Taylor's employment was terminated on January 21, 2020.

39. LifeStream terminated Ms. Taylor's employment because of her protected activity.

40. Ms. Taylor was injured by LifeStream's retaliation.

### 5.2. Failure to reasonably accommodate a disability in violation of the ADA

41. Ms. Taylor suffered from postpartum depression.

42. Postpartum depression is a disability protected by the ADA.

43. Ms. Taylor was qualified to perform her job as a Home Care Manager.

44. Ms. Taylor requested to work-from-home as an accommodation for her postpartum depression.

45. LifeStream initially permitted Ms. Taylor to work from home but revoked that arrangement in January 2020.

46. LifeStream was aware of Ms. Taylor's postpartum depression, both when it initially allowed her to work from home, and when it revoked that agreement.

47. LifeStream did not engage in an interactive process with Ms. Taylor, to identify a reasonable accommodation for her postpartum depression, before revoking her work-from-home arrangement.

48. By revoking Ms. Taylor's work-from-home arrangement, LifeStream failed to reasonably accommodate her postpartum depression.

49. Ms. Taylor was injured by LifeStream's failure to reasonably accommodate her disability.

### 5.3. Disability discrimination in violation of the ADA

50. Ms. Taylor suffered from postpartum depression following the birth of her child in 2019.

51. Postpartum depression is a disability protected by the ADA.

52. LifeStream revoked her work-from-home arrangement, and then terminated her employment, in January 2020.

53. LifeStream took one or both actions against Ms. Taylor because she suffered from postpartum depression.

54. Ms. Taylor was injured by LifeStream's disability (or disability-plus) discrimination.

### 5.4. Retaliation in violation of Title VII

55. Ms. Taylor's January 17, 2020 complaint to (and request for a meeting with) Velasquez, was protected activity under TITLE VII.

56. Ms. Taylor's employment was terminated on January 21, 2020.

57. LIFESTREAM terminated Ms. Taylor's employment because of her protected activity.

58. Ms. Taylor was injured by LIFESTREAM's retaliation.

### 5.5. Sex discrimination in violation of Title VII

59. Ms. Taylor suffered from postpartum depression following the birth of her child in 2019.

60. LIFESTREAM revoked her work-from-home arrangement, and then terminated her employment, in January 2020.

61. LIFESTREAM took one or both actions against Ms. Taylor because she was a woman, or because she was a mother of an infant who was suffering from postpartum depression.

62. Ms. Taylor was injured by LIFESTREAM's sex (or sex-plus) discrimination.

### 5.6. Retaliation in violation of the FMLA

63. Ms. Taylor took maternity leave following the birth of her child in 2019.

64. Ms. Taylor's maternity leave is protected under the FMLA.

65. LIFESTREAM terminated Ms. Taylor's employment because of her protected activity.

66. Ms. Taylor was injured by LifeStream's retaliation.

### 5.7. Interference with leave in violation of the FMLA

67. Ms. Taylor suffered from postpartum depression.

68. Postpartum depression is a serious health condition.

69. LifeStream had appropriate notice of Ms. Taylor's need for leave.

70. LifeStream interfered with Ms. Taylor's right to take FMLA leave by terminating her employment, discouraging her from taking leave, or not giving her written notice detailing her rights and obligations under the FMLA.

71. Ms. Taylor was injured by LifeStream's FMLA interference.

## 6. PRAYER FOR RELIEF

Ms. Taylor respectfully requests that judgment be entered in her favor, and against LifeStream, on all claims, for its violations of the ADA, Title VII, and the FMLA. She requests all available relief on her claims, including the following:

   a. Back pay;

   b. Front pay or lost future earnings;

   c. Compensatory damages;

   d. Punitive damages;

   e. Liquidated damages;

   f. Emotional distress damages;

      g.    Reinstatement;

      h.    Attorney fees and costs; and

      i.    Prejudgment and postjudgment interest.

## 7. JURY DEMAND

As required by Fed. R. Civ. P. 38(b), Ms. Taylor respectfully demands a trial by jury on all issues so triable.